UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL PAUL LACASSE,<br><br>    Defendant. | Case No. 1:24-cr-00003-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Defendant Michael Paul Lacasse's Motion to Revoke Detention Order (Appeal) issued by Chief United States Magistrate Judge Raymond E. Patricco, Jr. (Dkt. 23). The Government opposes Lacasse's motion (Dkt. 27). The Court has reviewed the record in this case, including but not limited to the parties' briefs, the transcript of the detention hearing before Judge Patricco (Dkt. 22), and the pretrial services report and other exhibits admitted into evidence at that detention hearing (Dkts. 18-1, 18-2, 18-3). For the reasons discussed below, the Court denies Lacasse's motion and affirms the Order of Detention Pending Trial (Dkt. 19).

## I.   BACKGROUND

On January 9, 2024, a grand jury returned a Criminal Indictment charging Lacasse with distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The charge was based on a controlled illicit drug sale by Lacasse to a confidential informant (CI) on December 11, 2023, in Ada County, Idaho. The Government requested Lacasse be detained, pursuant to the Bail Reform Act, and Lacasse requested a hearing on the motion.

Judge Patricco held a detention hearing on January 22, 2024, and ordered Lacasse be detained pending trial, finding he posed a danger to the community and his history and

characteristics showed there were no conditions of release that would assure appearance as set out in 18 U.S.C. § 3142(g). More specifically, Judge Patricco first found, pursuant to 18 U.S.C. § 3142(e)(3), that a rebuttable presumption arose that no condition or combination or conditions would reasonably assure Lacasse's appearance and the safety of the community because Lacasse is charged with a controlled substance offense that carries a maximum statutory term of imprisonment exceeding ten years. (Dkt. 22 at p. 4). He then found that Lacasse had rebutted that presumption. (Dkt. 22 at p. 11).

After hearing the Government's proffer, however, Judge Patricco ultimately concluded the Government met its burden of proving by clear and convincing evidence that Lacasse poses a danger to the community and by a preponderance of the evidence that no conditions would assure his appearance. (Dkt. 22 at pp. 31-35). In considering the § 3142(g) factors, Judge Patricco noted Lacasse has been charged with one count of distribution of methamphetamine on one occasion, which is a "limited offense," but he found concerning Lacasse's release plan to the residence that has been "the locus for the alleged drug dealing," where a minor child resides. (Dkt. 22 at p. 33).

Other factors Judge Patricco noted in ordering Lacasse's detention included: (1) the weight of the evidence against Lacasse is strong; (2) the lengthy period of incarceration if convicted; (3) his prior criminal history; (4) his participation in criminal activity while on probation, parole, or supervision; (5) his history of alcohol or substance abuse; (6) his  lack of stable employment; (7) his lack of stable residence; (8) his prior failure to appear in court as ordered; and (9) his prior violations of probation, parole, or supervised release. (Dkt. 19 at pp. 2-3). Lacasse now seeks this Court's review of the detention order.

## II.  LEGAL STANDARD

Lacasse's motion is brought pursuant to 18 U.S.C. § 3145(b), which provides that "if a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of that order." *See* Fed. R. Crim. P. 59(a). The district court must promptly determine the motion. 18 U.S.C. § 3145(b). A district court reviews the magistrate judge's order de novo. *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). "[T]he district court is not required to start over in every case" and is not required to "proceed as if the magistrate's decision and findings did not exist." *Id.* Rather, the district court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id.* A district court is not required to hold an evidentiary hearing in reviewing a magistrate court's detention order when no evidence is offered that was not before the magistrate judge. *Id.* Here, the Court finds an additional evidentiary hearing is not necessary because Lacasse has offered no new evidence.

## III.  ANALYSIS

The Bail Reform Act, 18 U.S.C. § 3142 governs pretrial confinement and release. The Act mandates a court release a defendant pending trial unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." 18 U.S.C. § 3142(e)(1).  Generally, the statutory presumption is first in favor of release on personal recognizance or on "an unsecured appearance bond in an amount specified by the court." 18 U.S.C. § 3142(b); *see also United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

MEMORANDUM DECISION AND ORDER - 3

Some offenses, however, give rise to a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3). Lacasse was charged with such an offense: distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), which carries a statutory maximum penalty exceeding ten years. *See* 18 U.S.C. § 3142(e)(3)(C) (enumerating offenses under the Controlled Substance Act, 18 U.S.C. § 801 *et seq*., for which a maximum term of imprisonment of ten years or more is prescribed).

If Lacasse proffers evidence to rebut the presumption, the burden shifts to the Government to prove by "clear and convincing evidence" that detention is warranted. 18 U.S.C. § 3142(f)(2)(B); *Hir*, 517 F.3d at 1086. The presentation of evidence is not limited to sworn testimony and formal exhibits, but the parties can "present information by proffer or otherwise." *See* 18 U.S.C. § 3142(f)(2) ("The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing.").

### A.     Rebuttable Presumption

The Ninth Circuit has not yet established a standard by which to measure whether a defendant has rebutted the presumption of detention. Many circuits that have considered the issue, however, agree that a defendant need only produce "some evidence" that he is not a flight risk or a danger to the community. *See United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010); *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991); *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991); *United States v. O'Brien*, 895 F.2d 810, 815 (1st Cir. 1990); *United States v. Diaz*, 777 F.2d 1236, 1238 (7th Cir. 1985); *United States v. Hurtado*, 779 F.2d 1467, 1470 n.4 (11th Cir. 1985); *see also United States v. Moore*, 607 F. Supp. 489, 499 (N.D. Cal. 1985). "Although the presumption shifts a burden of production to the defendant, the burden of persuasion remains with the government." *Hir*, 517 F.3d at 1086.

MEMORANDUM DECISION AND ORDER - 4

In this case, Judge Patricco found Lacasse rebutted the presumption in favor of detention after he proffered "some credible evidence" he is not a flight risk or a danger to the community. (Dkt. 22 at p. 11). Lacasse relied on his pretrial services report in his proffer to rebut the presumption, as well as two additional exhibits that were admitted into evidence at the hearing: (1) a pretrial release order issued on May 6, 2021, by the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada, Case No. CR 01-21-17932, and status report showing Lacasse complied with the conditions of pretrial release in that case (Dkt. 18-2); and (2) a pretrial services violations summary report for all federal district courts during the twelve-month period ending September 30, 2022, which provides statistics regarding the rate of pretrial service violations.

The pretrial services report indicates Lacasse has strong family ties to the community. Lacasse is a forty-six-year-old man who has lived in Boise, Idaho, most of his life. His parents moved him and his family to Boise when he turned twelve, and at age twenty-six he completed his GED through Boise State University. He remains close to his adult brother who also lives in Boise. From his first marriage, Lacasse has a twenty-year-old daughter who lives in Boise. Currently, he is in a long-term stable relationship with his girlfriend, Venetia Trischan. (Dkt. 18-1 at p. 2).

Lacasse and Trischan have been together for the past fourteen years. (*Id.*). They live in a three-bedroom, two-bathroom, two-level house in Caldwell, Idaho. (*Id.*). Trischan has two children, a twenty-one-year-old son and seventeen-year-old daughter, from a prior marriage. (*Id.*). Trischan's daughter lives with the couple, and Lacasse reports he is close to her as well as to Trischan's son. (*Id.*).  Lacasse's release plan, as set forth in the pretrial services report, includes release to his home with Trischan.

Lacasse has an extensive criminal history, most of which involved misdemeanor offenses but with numerous probation violations. (Dkt. 18-1 at pp. 3-7). Most recently, on May 6, 2021, Lacasse was arrested for felony possession of a controlled substance, misdemeanor possession of a controlled substances, and misdemeanor possession of drug paraphernalia. The felony charge was dismissed, and Lacasse received a one-year suspended jail sentence with two years of probation. (Dkt. 18-1 at p. 7). While on probation, Lacasse was arrested for driving without privileges, which charge was dismissed.

As for employment, the pretrial services report reflects that Lacasse is a self-employed welder who earns $2,000 a month (*Id.* at p. 1), and the Ada County pretrial services status update indicates that Lacasse reported full-time self-employment with 24-Hour Mobile Welding. The Government proffered, however, that Lacasse was surveilled both in person by law enforcement and a tracker on one of his vehicles for several months before his arrest, and law enforcement reported Lacasse would spend most of the day at home until the late evening when he would venture out for short-duration trips into the community, raising questions about the legitimacy of Lacasse's employment. (Dkt. 22 at p. 10).

Despite questions relating to Lacasse's criminal history and previous probation violations and his employment, this Court agrees with Judge Patricco's determination that Lacasse rebutted the presumption by establishing through credible evidence his significant community and family ties, the length of those ties, and his adjustment and compliance with pretrial supervision in the recent Ada County case.

**B.    Whether There Are Conditions of Release that Will Reasonably Assure the Appearance of Lacasse as Required and the Safety of Any Other Person and the Community**

As Lacasse has proffered evidence sufficient to rebut the presumption, "the court considers four factors in determining whether the pretrial detention standard is met: (1) the nature and

circumstances of the offense charged, including whether the offense is a federal crime of terrorism; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release." *Hir*, 517 F.3d at 1086 (citing 18 U.S.C. § 3142(g)). "The presumption is not erased when a defendant proffers evidence to rebut it; rather the presumption remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Hir*, 517 F.3d at 1086 (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir.1986)) (internal quotation marks omitted).

After examining the factors in § 3142(g), the parties' evidence, and their arguments, the Court finds the Government has met its burden of persuasion in both respects. On balance, these factors support continued pretrial detention. First, while the nature and circumstances of the offense are serious, the Court notes the charged offense involves one distribution of methamphetamine on one occasion and agrees with Judge Patricco that it is a "limited offense" in that sense. At the same time, however, during the controlled purchase, Lacasse possessed methamphetamine, fentanyl, and other controlled substances in significant quantities that were found at his storage unit, including "suspected methamphetamine (approximately 7 pounds), cocaine (approximately 1 kilo), black tar heroin (approximately 1.5 pounds), fentanyl pills, marijuana (over 100 grams), ketamine, MDMA, mushrooms, and unknown pills." (Dkt. 27 at pp. 5-6). Six firearms were also found at the storage unit. An additional five firearms, including a homemade suppressor attachment; ammunition; what appears to be a detailed drug ledger; 3x5 "menu" cards consistent with the numbering system used by the CI during the controlled

**MEMORANDUM DECISION AND ORDER - 7**

purchase on December 11, 2023; a food vacuum sealer; vacuum bags; and $21,000 cash, along with "currency bill stamps with different dollar amounts printed on them" were found at Lacasse's residence. (Dkt. 27 at pp. 4-5). This factor weighs in favor of detention.

Second the weight of this evidence against Lacasse appears strong. This factor also weighs in favor of detention, although it is the factor to be accorded the least weight. The Court, however, may consider the weight of the evidence in determining whether Lacasse poses a danger to the community if released.

Third, Lacasse is forty-six years' old with strong ties to his family and this community. Balanced strongly against these ties, however, is Lacasse's criminal history involving drug possession and numerous probation violations. Serious questions also exist regarding Lacasse's welding business and whether he has obtained legitimate income from that business. As already noted, law enforcement surveillance of Lacasse for several months leading up to his arrest indicated that he has not been engaged in his welding business for some time but instead would remain in his house during the day and only venture out at night for short trips consistent with drug transactions. The Government further proffers that the Idaho Department of Labor indicated, in response to a subpoena, that neither Lacasse nor Trischan reported wages in 2022 or 2023.

At the detention hearing, Lacasse countered that his welding business had expanded or morphed into home auto repair, which is a "cash business." Lacasse, however, submitted no additional evidence with his motion to support that he currently has legitimate, stable employment.

Fourth, numerous facts support a finding that Lacasse poses a danger to the community if released. These facts include Lacasse's prior criminal history; his substantial history of substance abuse; his numerous probation violations; the quantity of controlled substances, drug paraphernalia, and firearms in his possession at the time of his arrest; and the presence of a minor

in the same residence where Lacasse kept drug packaging material; the 3x5 cards with his code on how he allegedly communicated with customers; and a large amount of cash and firearms in the residence.

Lacasse contends that he "comes before the Court with a solid release plan" and that he has "two, alternate, stable places to live: 1) The home he shares with Trischan and her daughter or 2) his mother's home." (Dkt. 23 at p. 3). The Court has already detailed many of the serious, concerning issues with Lacasse returning to the home he shares with Trischan and her daughter. Additional concerns include that evidence indicates Trischan was aware and involved in the drug distribution with Lacasse. For example on November 27, 2023, Lacasse texted Trischan the following, "#2 . . . 100, #6 . . . 200, please?" and Trischan responded with "sure." Further, law enforcement found Trischan's purse, wallet, and identification in the garage amongst the repackaging items and drug ledger. Given the Government's evidence, the Court agrees with Judge Patricco's conclusion that returning Lacasse to his home with Trischan does not adequately address the danger that Lacasse poses to the community generally and is not a condition the Court is willing to impose here.

Regarding Lacasse's alternate release plan to his mother's home, he contends Judge Patricco "ignored" this proffered release plan. A review of the detention hearing transcript belies this assertion, however. When defense counsel proposed this alternate plan at the detention hearing, he stated that he had only talked to Lacasse's mother "briefly" that morning and that although she is apparently willing to have Lacasse in her home, counsel admitted that he "had not vetted" the proposed plan with Pretrial Services. (Dkt. 22 at p. 30). At the conclusion of the hearing, Judge Patricco advised defense counsel the magistrate court would entertain a motion to reconsider Lacasse's detention order if counsel were able to vet another residence, present an

alternative release plan, and present more evidence about Lacasse's potential legitimate income. Lacasse has given no indication that he has vetted this option with Pretrial Services, however. Thus, the Court cannot consider Lacasse's release to his mother's home as a viable option.

In sum, the Government's evidence reflects a dangerous combination of drugs and weapons. Lacasse is charged with a serious offense involving a significant amount of drugs and firearms and evidence of a sophisticated drug dealing operation. Lacasse has a lengthy criminal history and has repeatedly violated the terms of his supervised release. Significant questions exist about the source of Lacasse's income and whether it is legitimate, and he has failed to present a viable release plan. Based on this and other evidence, the Government has established by a preponderance of the evidence there are no conditions of release that will reasonably assure Lacasse's appearance as required, and (2) by clear and convincing evidence that there are no conditions of release that will reasonably assure the safety of any other person and the community.

## IV.  CONCLUSION

Having conducted a de novo review of the record in this matter, and having considered the parties' arguments at the detention hearing, the admitted exhibits, and the parties' briefs on appeal from Judge Patricco's detention order, the Court concludes that the Government met its burden and proved by clear and convincing evidence that Lacasse poses a danger to the community and by a preponderance of the evidence that no conditions would assure his appearance. Accordingly, Lacasse's motion to revoke the detention order is denied and the Order of Detention Pending Trial (Dkt. 19) shall remain in effect.

## ORDER

**IT IS ORDERED that:**

1.      Defendant Michael Paul Lacasse's Motion to Revoke Detention Order (Appeal) (Dkt. 23) is **DENIED**.

2.      The Magistrate Court's Order of Detention Pending Trial (Dkt. 19) is **AFFIRMED**.


DATED: February 29, 2024

Amanda K. Brailsford
**Amanda K. Brailsford**
U.S. District Court Judge